IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JING XIONG, | |
| Plaintiff, | 4:19CV3109 |
| vs. | |
| UNION PACIFIC RAILROAD COMPANY, | **ORDER** |
| Defendant. | |

On September 10, 2021, the Court held a telephone conference with the parties regarding a discovery dispute. One of the disputes dealt with whether Defendant should be ordered to produce a statement Christopher Klemme provided to Defendant's risk management representative shortly following the accident at issue in this suit. Defendant argued production should not be ordered because the statement is protected work product. Defendant also argued the statement constitutes privileged material under the attorney-client privilege.[1] The Court ordered Defendant to produce the statement so the Court could conduct an *in camera* review of the statement to evaluate whether it should be produced. The Court has concluded its review and finds the document should be produced.

Federal Rule of Civil Procedure 26(b)(3) shields from discovery documents otherwise discoverable which were prepared in anticipation of litigation by another party's representative, *unless* the party seeking the discovery has a substantial need for the materials and is unable to obtain equivalent information by other means. Fed. R. Civ. P. 26(b)(3). Plaintiff concedes the

---

[1] In a follow-up telephone status conference held on October 19, 2021, Defendant's counsel agreed that Mr. Klemme's statement does not fall under the attorney-client privilege. Therefore, the Court deems Defendant's argument in this regard withdrawn and will not address the issue in this Order.

statement at issue constitutes work product but maintains production should nevertheless be ordered based on substantial need.

Having reviewed the document, the Court finds Plaintiff has demonstrated substantial need for production. The statement Mr. Klemme provided to the risk management representative following the accident is inconsistent with statements Mr. Klemme provided at other times. This inconsistency supports a finding of substantial need. *See Gargano v. Metro-North*, 222 F.R.D. 38, 40 (D. Conn. 2004) ("Substantial need may . . . exist if there is reason to believe that there is an inconsistency between the deposition testimony given by a witness and the information contained in the earlier statements of that witness"); *Duck v. Warren*, 160 F.R.D. 80 (E.D. Va. 1995) (finding substantial need for discovery of work product on theory that statements would aid in impeaching defendant, where plaintiff had several of defendant's other statements which revealed inconsistencies). Moreover, given the nature of the document at issue, Plaintiff is unable to obtain equivalent information by other means.

Accordingly,

**IT IS ORDERED** that Defendant shall produce Christopher Klemme's April 3, 2018 statement to Plaintiff by October 27, 2021.

Dated this 20th day of October, 2021.

                                                                          BY THE COURT:

                                                                          s/ Susan M. Bazis
                                                                          United States Magistrate Judge