IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JING XIONG,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>Defendant. | 4:19CV3109<br><br>ORDER |

This matter is before the Court on Defendant's Motion for Summary Judgment (Filing No. 97).[1] For the reasons explained below, the motion will be denied.

**FACTS**

At 8:00 a.m. on March 6, 2018, Plaintiff departed Lincoln, Nebraska in her vehicle and headed westbound on Interstate 80 ("I-80"). (Filing No. 99-6.) At around 2:45 p.m., when she was located near Sidney, Nebraska, Plaintiff called 911 to ask for assistance in finding a gas station because she was running low on gas. (Filing Nos. 99-6, 99-7.) On Plaintiff's route, there were 29 exits on I-80 with gas stations. (Filing Nos. 99-6, 99-8.) Plaintiff testified during her deposition that she normally refuels her vehicle when the gas gauge is around one-half empty. (Filing No. 99-6.) Plaintiff stated that she began looking for a gas station approximately 30 minutes before she made the 911 call. (Filing No. 99-6.) At the time she made the call, Plaintiff had been driving for around 6 ½ hours. (Filing No. 99-6.) Plaintiff's car was not out of gas at the time of the 911 call

---

[1] At the time Defendant filed its motion for summary judgment, Plaintiff was represented by counsel. (Filing No. 115.) However, Plaintiff's counsel has since withdrawn and Plaintiff is now proceeding *pro se*.

and it was running during her conversation with the dispatcher. (Filing Nos. 99-6, 99-7.) Plaintiff's vehicle was not experiencing any mechanical problems. (Filing Nos. 99-6, 99-7.)

While Plaintiff was on the phone with 911, Defendant's employee, Chris Klemme ("Mr. Klemme"), was driving one of Defendant's vehicles westbound in the driving lane of I-80. (Filing No. 99-5.) Mr. Klemme was traveling at the posted 75 mile per hour speed limit. (Filing No. 99-5.) It was a windy day with wind gusts exceeding 60 miles per hour. (Filing No. 99-5.) According to Mr. Klemme, semi-trucks were traveling around 60 to 65 miles per hour. (Filing No. 99-5.) As he was driving in the driving lane, Mr. Klemme approached a semi-truck also traveling in the driving lane of I-80 pulling two trailers. (Filing No. 99-5.) Mr. Klemme stated that because the semi-truck was traveling slower than he was, he intended to pass it. (Filing No. 99-5.) As Mr. Klemme prepared to pass, the semi-truck moved to the left-lane and Mr. Klemme struck the rear of Plaintiff's vehicle which was also in the driving lane of I-80.[2] (Filing Nos. 99-3, 99-5, 103-3.)

Following the collision, Mr. Klemme went to Plaintiff's vehicle and found her unresponsive. (Filing No. 99-5.) Mr. Klemme testified that the gearshift of Plaintiff's vehicle was in park at that time. (Filing No. 99-5.) Plaintiff testified during her deposition that she was not stopped on I-80 at the time of the collision. (Filing No. 99-6.) Plaintiff testified that she does not recall how fast she was driving at the time of the accident. (Filing No. 99-6.) Plaintiff has no recollection of the collision. (Filing No. 99-6.)

The moments just before the collision can be heard on the recording of the 911 call. (Filing No. 99-7.) On the recording, an unidentified male passerby can be heard speaking to Plaintiff. (Filing No. 99-7.) It is difficult to decipher what the passerby said to Plaintiff. (Filing No. 99-7.) Plaintiff told the passerby that she was calling 911 and the passerby left the area. (Filing No. 99-7.) The dispatcher then began to explain to Plaintiff where the nearest gas station was located. (Filing No. 99-7.) Plaintiff asked the dispatcher to send police to the scene because she was afraid her car might stop at any time. (Filing No. 99-7.) The dispatcher asked Plaintiff if she wanted a tow truck to bring her gas. (Filing No. 99-7.) Plaintiff responded that she would like that if possible because "once it's dead, then I cannot drive." (Filing No. 99-7.) The dispatcher can then be heard

---

[2] There is a dispute of fact as to whether Mr. Klemme had started to leave the driving lane to pass the semi-truck at the time of the collision. (Filing Nos. 99-5, 103-3.)

asking Plaintiff if she was stopped alongside the road and Plaintiff stated, "Uh, I'll do it now." (Filing No. 99-7.) A couple seconds later, what appears to be a car horn can faintly be heard in the distance and then sounds of impact. (Filing No. 99-7.) Around 12 seconds passed from the time Plaintiff told the dispatcher that she would move her vehicle to the side of the road to the time of the collision. (Filing No. 99-7.) Approximately 2 minutes elapsed from the time the 911 call began to the time of impact. (Filing No. 99-7.)

Defendant's expert witness, Adam Michener, issued a report stating that the black box recorder data from Mr. Klemme's truck showed that Mr. Klemme was traveling at 75 miles per hour from approximately 2.5 to 1 second prior to impact and that the brakes were applied at approximately 1 to .5 seconds prior to impact. (Filing No. 99-8.) It also showed that Mr. Klemme's vehicle slowed to 59 miles per hour at approximately .5 seconds prior to impact. (Filing No. 99-8.) No data was recoverable from Plaintiff's vehicle. (Filing No. 99-8.)

Plaintiff filed her Complaint in this case on November 22, 2019, alleging the accident was caused by Mr. Klemme's negligence in (1) operating his vehicle too fast for the conditions; (2) failing to yield the right of way; (3) failing to keep his vehicle under proper control; (4) failing to maintain a proper look-out; and (5) following too closely. (Filing No. 1.) Defendant filed its Answer on December 19, 2019, denying that Mr. Klemme was negligent and affirmatively alleging that any loss sustained by Plaintiff was due to her contributory negligence. (Filing No. 6.)

## SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 884 (8th Cir. 2016). "The movant bears the initial responsibility of informing the district court of the basis for its motion, and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quotation omitted). If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." *Id.*

"On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Id.* The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* "In order to show that disputed facts are material, the party opposing summary judgment must cite to the relevant substantive law in identifying facts that might affect the outcome of the suit." *Quinn v. St. Louis Cty.*, 653 F.3d 745, 751 (8th Cir. 2011) (quotation omitted). "The mere existence of a scintilla of evidence in support of the nonmovant's position will be insufficient; there must be evidence on which the jury could reasonably find for the nonmovant." *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 791-92 (8th Cir. 2011) (quotation omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Torgerson*, 643 F.3d at 1042 (quotation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.*

## DISCUSSION

Defendant argues summary judgment is warranted because Plaintiff was solely responsible for causing the accident at issue in this litigation. Defendant maintains Plaintiff was negligent as a matter of law because she was stopped on I-80 when the collision occurred. *See* Neb. Rev. Stat. § 60-6,164. Defendant contends that at the very least, Plaintiff was negligent by traveling under the 40 mile per hour speed limit. *See* Neb. Rev. Stat. § 60-6,193. Plaintiff denies that she was stopped on I-80 and argues Mr. Klemme caused the accident by operating his vehicle too fast for the conditions, failing to yield the right of way, failing to keep his vehicle under proper control, failing to maintain a proper look-out, and following too closely.

To recover in a negligence action in Nebraska, "a plaintiff must show a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and damages." *Pohl v. Cty. of Furnas*, 682 F.3d 745, 751 (8th Cir. 2012) (quoting *A.W. v. Lancaster Cty. Sch. Dist. 0001*, 784 N.W.2d 907, 913 (Neb. 2010)). To establish proximate cause, a plaintiff must show that "(1) [w]ithout the negligent action, the injury would not have occurred, commonly known as the 'but for' rule; (2) the injury was a natural and probable result of the negligence; and (3) there was no efficient intervening cause." *Wilke v. Woodhouse Ford, Inc.*, 278 Neb. 800, 816, 774 N.W.2d 370, 382 (2009). Concerning issues of proximate cause, "a plaintiff is not bound to exclude the

4

possibility that the event might have happened in some other way." *World Radio Labs., Inc. v. Coopers & Lybrand,* 251 Neb. 261, 557 N.W.2d 1, 12 (1996) (quotation omitted). Rather, he must only adduce evidence sufficient to "fairly and reasonably justify the conclusion that the defendant's negligence was the proximate cause of a plaintiff's injury." *King v. Crowell Mem'l Home,* 261 Neb. 177, 622 N.W.2d 588, 594 (2001).

Upon review of the record, the Court finds summary judgment cannot be granted because there is evidence upon which a jury could reasonably find for Plaintiff. It is possible that a finder of fact could conclude that Mr. Klemme was, at the very least, partially responsible for the accident. For instance, as acknowledged by Mr. Klemme, it was a very windy day on the day of the accident and semi-trucks were driving below the posted speed limit. Although Mr. Klemme was traveling at the 75 mile per hour speed limit, Nebraska law requires drivers to operate their vehicles at a speed no greater than is reasonable and prudent under the conditions. *See* Neb. Rev. Stat. § 60-6,185. As such, a reasonable jury could conclude that Mr. Klemme was negligent by failing to maintain a speed appropriate for the circumstances.

Further, a semi-truck pulling two trailers ahead of Mr. Klemme was able to move to the left to avoid colliding with Plaintiff. It is possible that a jury could conclude that Mr. Klemme was negligent by failing to keep a proper look-out or by following the semi ahead of him too closely. *See Mitchell v. Kesting,* 221 Neb. 506, 378 N.W.2d 188 (1985) ("[T]he applicable rule is that where a motorist looks and does not see an approaching vehicle, or seeing one, erroneously misjudges its speed and distance, or for some other reason assumes that he can proceed and avoid a collision, the question is usually one for the jury"). Based on the evidence presented, the Court is unable to conclude as a matter of law that Mr. Klemme's actions did not cause or contribute to the accident. This question must be resolved by the jury.

Defendant argues that even if Mr. Klemme was somehow negligent in the operation of his vehicle, summary judgment should nevertheless be granted because Plaintiff was contributorily negligent to such a degree that she is precluded from recovery. "Contributory negligence occurs where the plaintiff breaches a duty of care and his breach concurs and cooperates with the defendant's negligence to form a proximate cause of the injury." *Pohl,* 682 F.3d at 754. "Nebraska has adopted a comparative negligence standard in which contributory negligence chargeable to the plaintiff diminishes proportionately the amount awarded as damages attributable to the defendant's

negligence." *Begley v. Harkins*, No. A-11-204, 2011 WL 6820309, at *3 (Neb. App. Dec. 27, 2011). Under Nebraska law, a plaintiff is barred from recovery if his/her negligence is equal to or greater than that of the defendant. *See* Neb. Rev. Stat. § 25–21,185.09.

"To entitle a defendant to judgment under the comparative negligence statutory scheme, the defendant must prove that any contributory negligence chargeable to the plaintiff is equal to or greater than the total negligence of all persons against whom recovery is sought." *Gonzalez v. Union Pacific Railroad Company*, 292 Neb. 281, 283, 872 N.W.2d 579, 582 (2015). "Where reasonable minds may draw different conclusions and inferences regarding the negligence of the plaintiff and the negligence of the defendant such that the plaintiff's negligence could be found to be less than 50 percent of the total negligence of all persons against whom recovery is sought, the apportionment of fault must be submitted to the jury." *Id.* at 291, 872 N.W.2d at 586. "Only where the evidence and the reasonable inferences therefrom are such that a reasonable person could reach only one conclusion, that the plaintiff's negligence equaled or exceeded the defendant's, does the apportionment of negligence become a question of law for the court." *Id.*

Defendant maintains that even if Mr. Klemme was partially at fault, Plaintiff is 50 percent or more at fault than Mr. Klemme for causing the accident—which precludes her from recovery under Nebraska law. Defendant contends Plaintiff's vehicle was unlawfully stopped in the middle of I-80 at the time of the accident and Mr. Klemme could not have avoided the accident. At the very least, according to Defendant, Plaintiff was traveling under the minimum speed limit which rendered Mr. Klemme unable to stop the collision.

Having reviewed the evidence, the Court is unable to find, as a matter of law, that any negligence on Plaintiff's part was equal to or greater than any negligence on the part of Mr. Kleeme. The question of whether Plaintiff was contributorily negligent and, if so, the amount attributable to her, must be determined by the jury. "Because the purpose of comparative negligence is to allow triers of fact to compare relative negligence and to apportion damages on that basis, the determination of apportionment is solely a matter for the fact finder." *Connelly v. City of Omaha*, 284 Neb. 131, 145, 816 N.W.2d 742, 756 (2012) (quotation omitted). *See also Begley*, 2011 WL 6820309, at *3 ("The purpose of the comparative negligence standard is to allow triers of fact to compare relative negligence and to apportion damages on that basis."). Therefore, Defendant's Motion for Summary Judgment will be denied.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment (Filing No. 97) is denied.

2. Defendant's Objection to Plaintiff's Evidentiary Submission (Filing No. 122) is sustained. Plaintiff's submission found at Filing No. 121 was not considered in connection with the Court's ruling on Defendant's Motion for Summary Judgment.

3. A telephone status conference to set the pretrial conference and trial date will be held before Magistrate Judge Susan M. Bazis on August 5, 2022, at 11:00 a.m. central time. Telephone conference instructions are found at Filing No. 27. The Clerk of Court shall mail a copy of the telephone conference instructions to Plaintiff at her address of record.

Dated this 8th day of July, 2022.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge