IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JING XIONG, | |
| Plaintiff, | 4:19CV3109 |
| vs. | |
| UNION PACIFIC RAILROAD COMPANY, | ORDER |
| Defendant. | |

This matter is before the Court on Plaintiff's motions to transfer this case to New York federal court. (Filing Nos. 126, 127, 130). Plaintiff's motions will be denied.

**BACKGROUND**

This case arises out of a motor vehicle accident between Plaintiff and Chris Klemme ("Mr. Klemme"). The accident occurred on I-80 near Sidney, Nebraska on March 6, 2018. At the time of the accident, Mr. Klemme was employed by Defendant and driving one of Defendant's vehicles.

Plaintiff, through counsel, filed suit in this Court on November 22, 2019, alleging the accident was caused by Mr. Klemme's negligence. (Filing No. 1.) The Complaint alleges Mr. Klemme was negligent by (1) operating his vehicle too fast for the conditions; (2) failing to yield the right of way; (3) failing to keep his vehicle under proper control; (4) failing to maintain a proper look-out; and (5) following too closely. (Filing No. 1.) Defendant filed its Answer on December 19, 2019. (Filing No. 6.)

On November 9, 2021, Plaintiff's counsel was granted leave to withdraw. (Filing No. 88.) Substitute counsel entered an appearance on Plaintiff's behalf on December 21, 2021. (Filing No.

96.) Defendant filed a Motion for Summary Judgment on December 29, 2021. (Filing No. 97.) Plaintiff's substitute counsel was granted leave to withdraw on February 17, 2022. (Filing No. 115.) Plaintiff has been proceeding *pro se* since that time.

On July 8, 2022, the Court denied Defendant's Motion for Summary Judgment. (Filing No. 124.) On July 20, 2022, Plaintiff requested that this case be transferred to federal court in New York.

### DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "[W]here it might have been brought" refers to a district where the plaintiff could have brought suit against the defendant. *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). Courts consider three general factors when determining whether an action ought to be transferred pursuant to §1404(a): "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). However, a district court's evaluation of a transfer motion is not limited to these enumerated factors. *Id*. Rather, "such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id*.

When evaluating convenience, courts generally consider "(1) the convenience of the parties, (2) the convenience of the witnesses - including the willingness of the witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." *Id*. at 696. In determining whether the interests of justice support transfer of venue, courts consider "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." *Id*. at 695.

Plaintiff requests that this action be transferred to a New York federal court. Plaintiff claims transfer is appropriate because: (1) she has been "bullied" and will not get a fair trial in

Nebraska; (2) she has not been able to obtain substitute counsel in Nebraska; (3) it is detrimental to her health to travel to Omaha due to her injuries from the accident; and (4) Defendant has an office in New York City located at 115 E. 69th Street, New York, NY, 10021. Having considered all factors and the circumstances presented in this case, the Court finds Plaintiff's arguments unpersuasive.

First, based on the information provided, it does not appear that this action could have been brought in New York as required for transfer. The accident at issue occurred in Nebraska. Defendant is headquartered in Omaha, Nebraska, which is also Defendant's principal place of business. (Filing No. 132.) Defendant represents that Plaintiff's statement that Defendant has an office at 115 E. 69th Street, New York, NY is incorrect. (Filing No. 132.) Defendant claims it does not have an office or ownership interest in that address. (Filing No. 132.)

Assuming, without deciding, that this action could have been brought in New York, considerations of convenience and fairness weigh heavily against transfer. Plaintiff decided to file this suit in Nebraska where it has been pending for nearly three years. The Court has held numerous conferences with the parties and has ruled on multiple motions, most recently denying Defendant's Motion for Summary Judgment. Judicial economy supports the finding that transfer should be denied.

Consideration of the convenience of the parties and witnesses also supports the conclusion that transfer is inappropriate. Mr. Klemme is a resident of Nebraska. Investigating officers and Defendant's employees are in Nebraska. Defendant's documents and records relating to the accident are in Nebraska. Defendant's expert witnesses are in Nebraska. Defendant's attorneys are also in Omaha. Although Plaintiff's current physicians may be in New York, Plaintiff was also treated by physicians in Nebraska immediately following the accident. It appears that transferring this action to New York would simply shift the burden of litigating this case to Defendant. Shifting inconvenience from one side to the other is not a permissible justification for a change of venue. *Terra Intern*, 119 F.3d at 696-97.

Plaintiff claims that her health prevents her from traveling, but this is demonstrably false. Plaintiff was deposed in Omaha on June 3, 2021. Plaintiff also traveled to Omaha in September 2021 for medical examinations. Plaintiff again traveled to Omaha for a court hearing on November

3

9, 2021. Plaintiff's argument that her health would prevent her from participating in trial is not supported by her past behavior in this litigation.

There is also no support for Plaintiff's assertion that she will be unable to obtain a fair trial in Nebraska. Plaintiff has on two occasions retained Nebraska attorneys to represent her. Plaintiff also received a favorable ruling on Defendant's Motion for Summary Judgment. Further, there is no basis for Plaintiff's assertion that she has been treated poorly by Defendant or Defendant's attorneys. The convenience of the parties, the convenience of the witnesses, and the interests of justice do not support transfer.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's motions to transfer this case to New York federal court (Filing Nos. 126, 127, 130) are denied.

2. A telephone status conference to set the pretrial conference and trial date will be held before Magistrate Judge Susan M. Bazis on September 7, 2022, at 3:30 p.m. Central Time. Telephone conference instructions are found at Filing No. 27. The Clerk of Court shall mail a copy of this Order and the telephone conference instructions to Plaintiff at her address of record.

Dated this 30th day of August, 2022.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge