IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JING XIONG, | |
| Plaintiff, | 4:19CV3109 |
| vs. | |
| UNION PACIFIC RAILROAD COMPANY, | ORDER |
| Defendant. | |

This matter is before the Court on Plaintiff's motion to remove attorney lien and request to reschedule the telephone conference scheduled for September 21, 2022. (Filing Nos. 146, 148.) Plaintiff's motions will be denied.

## BACKGROUND

Plaintiff, through attorney Vincent Powers, filed this suit on November 22, 2019. Mr. Powers filed a motion to withdraw as counsel on November 1, 2021 on the basis that he was having difficulty communicating with Plaintiff. (Filing No. 82.) Following a hearing about the matter, Mr. Powers was granted leave to withdraw on November 9, 2021. Mr. Powers filed a Notice of Filing Attorney's Lien on December 2, 2021. (Filing No. 95.) Substitute counsel entered an appearance on Plaintiff's behalf on December 21, 2021. (Filing No. 96.) Plaintiff's substitute counsel was granted leave to withdraw on February 17, 2022. (Filing No. 115.) Plaintiff has been proceeding *pro se* since that time.

On September 8, 2022, Plaintiff filed the motions currently before the Court, seeking to remove the attorney's lien Mr. Powers filed in this action (Filing No. 95) and to reschedule a telephone conference set for September 21, 2022. Defendant has objected to Plaintiff's motion to

reschedule the telephone conference (Filing No. 150). Mr. Powers filed a response to the motion to remove his attorney lien on September 9, 2022. (Filing No. 152.) Plaintiff filed a reply to Mr. Powers' response on September 10, 2022. (Filing No. 153.)

## DISCUSSION

Plaintiff argues Mr. Powers' attorney lien should be removed because her fee agreement with Mr. Powers was done on a contingency basis and provides that "there is no attorney fee owed unless there is a recovery of money made by settlement or verdict." (Filing No. 153.) Plaintiff contends she has been unable to obtain new counsel due to the lien and because Mr. Powers refuses to provide her case file. Plaintiff also argues that the telephone conference needs to be rescheduled because she has not received her file from Mr. Powers.

The question of the amount of fees Mr. Powers is entitled to is not one the Court will consider until the conclusion of this litigation. Also, Plaintiff was able to obtain substitute counsel after Mr. Powers filed his lien. So, there is no reason to think Plaintiff cannot do so again, despite the lien. Additionally, through email correspondence to which the Court was copied, it appears Mr. Powers' firm is attempting to provide Plaintiff with her file. Thus, there is no reason the telephone conference cannot go forward as scheduled. This case has been pending for nearly three years and needs to progress.

**IT IS ORDERED:**

1. Plaintiff's request to have the attorney's lien removed (Filing No. 146) is denied.

2. Plaintiff's request to reschedule the telephone conference (Filing No. 148) is denied. The conference will go forward as scheduled on September 21, 2022, at 10:00 a.m. Central Time. Plaintiff is advised that failure to participate in the telephone conference could result in the imposition of sanctions, which could include dismissal of this action.

Dated this 12th day of September, 2022.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge